Case No. 17-1860 United States of America v. Antonio Martinez-Lopez Oral Argument, 15 minutes per side Mr. Upshaw for the appellant Counsel, you may proceed Your Honor, good morning and may it please the court I have allotted myself four minutes in rebuttal if necessary Alright My client, defendant Mr. Martinez, was convicted after a trial on multiple, multiple counts and the only issue that I will well, the only issue that I may address today is the most important issue to my client and that's the issue that relates to his citizenship He was convicted on count 22 and count 22 related to 18 U.S.C. 1425A The issue there is that he procured citizenship unlawfully because he lied on one question on a citizenship application and that citizenship application is found in the record, the trial exhibit the government's trial exhibit 22A Now let me talk about that for a second Mr. Martinez checked all the bells and whistles for citizenship He was otherwise qualified to be a U.S. citizen What are some of the requirements? Over the age of 18, he checked that He was a permanent resident of the United States for approximately since 2007, so it was roughly 8 years prior to his required, his actual citizenship He had lived in the district that he applied for citizenship for more than a year He had passed all of the written all of the written tests that relate to that the English proficiency, the civics test, the writing test So he checked all the bells and whistles of that Now let me go back to the government's trial exhibit number 22 which is the application for citizenship I want to start by saying that that application is broken into 10 different parts It's 10 different sections And the one issue that the government had issue with was one section that deals with character and fitness or good moral character And the one question there asked my client Have you ever committed a crime or offense for which you were not arrested? Have you ever committed Counselor, can I ask you one thing? With regard to the naturalization of your client what is the issue that you're addressing? Is it the sufficiency of evidence with regard to that issue of convicting him of naturalization fraud? What issue are we talking about right now? Okay The sufficiency of the evidence Let me try to be as specific as possible to help the court see where I want to go with this I'll just get right to it The naturalization officer, Mr. Dawkins, testified at trial and he did say that he believed my client lied on one question for character and fitness one question out of 16 questions He said he lied He also said that that lie was material or relevant to influence his decision to grant citizenship He said that What he didn't say  is that that lie was disqualified for citizenship What he didn't say is that that lie was dispositive If you lie on this question that means you're disqualified for citizenship So that's where I'm trying to go with that So he lied on one question out of 16 questions in one part If he lied In my brief I addressed the fact that he didn't lie But before I get to the fact that he didn't lie I want to say if he did lie The good moral character section contains 16 questions Very important questions Have you been to prison? No Have you been incarcerated in jail? No Have you smuggled drugs? No All those questions One question is have you ever committed a crime for which you were not arrested and they said he lied So even if even if I think this court believes that he did lie as there is evidence in the record that he may have lied They didn't prove that that one lie to one out of 16 questions is disqualifying It's not disqualifying for citizenship So that's where I want to go The individual who testified What was his role in your client's procuring naturalization? Thank you Mr. Dawkins, Desmond Dawkins was a U.S. Immigration Services Officer He was the one that received the citizenship application 22A What was his explanation for saying it was material? His explanation Well the government only asked him the question Presumably he was in a position to make a recommendation with respect to the naturalization and he said it was material and you want him to have said Without that answer I would not have recommended him Right? Yes I didn't ask the question The government didn't ask the question I don't think it goes far enough in the new case law that we didn't cite I don't think it goes far enough to say that that lie was relevant to my decision The government only asked him Had you known he lied would that have influenced your decision? Materiality has a different legal meaning than relevance Okay Materiality has to do with the effect it had on the decision Well Yes, but it doesn't go far enough to say that that one question the one question out of 16 other questions 15 other questions is something that is dispositive to his decision I hope that makes sense for the court He did not say that that would have disqualified him had I known that he lied He did say that it would have had an influence on his determination Alright So Again There was no testimony that was placed in the trial record that that one question out of 16 questions was legally disqualifying We tried this case in March of 2017 and this was prior this was March 2017 and it was prior to the Supreme Court case that came out of Maslijak M-A-S-L-E-N-J-A-K Maslijak versus the United States It was prior to that 137 Supreme Court 1918 2017 case And I say that because the jury instructions that we crafted in that case only had the jury rely on whether or not the agent felt that the lie was material That's all the jury instructions said But in the Supreme Court Maslijak case which we didn't cite it says that that's not enough It says that it has to be material And it also has to they have to put on the record that that material decision would have led to a disqualification which is what we don't have here Okay In count 22 I'll move along quickly So in count 22 The heart of count 22 for me dealt with the scheme of a staged automobile accident on October 23rd It dealt with a co-defendant Akuna Rosa As I stated in my brief I won't go over all the facts But I stated in my brief that my client did not lie about participating in that staged automobile accident as you saw when I wrote My client had a roommate even though my client rarely slept at the apartment there's testimony in the trial record that my client did not sleep there on a regular basis That guy was in a staged automobile accident Mr. Akuna Rosa Mr. Akuna Rosa called someone up from Nebraska to participate in an accident with him It was placed on the record My client did not participate in the planning of the accident He was not present for the discussion of the accident My client did not participate in the actual accident itself My client did not know that the accident occurred until after the accident occurred And my client's former clinic billed for Akuna Rosa's fraudulent accident but my client didn't do the billing I'm only mentioning that as it relates to this one question because to me at trial Yes You did not cite the Maslin-Jack case in your brief, correct? That is correct And you didn't file a 28-J letter Yes, that is correct I point that out only for this reason You know, I was on that case, I was on the panel I didn't like the result we had to reach, I thought we had to reach but we nevertheless reached it and the Supreme Court reversed us It would have been real helpful to me to have had the opportunity to go back and look at that case had I realized you were relying on it So, you know, and I would definitely have done that because you know, we see a lot of cases and right now I'm just sort of scratching my head and trying to remember exactly what the case said Yes, Your Honor I didn't read the case until after my timeline for 28C had expired I didn't read it until after that time period Let me move, are there any other questions that relate to that point? No? Apparently not Alright, I'll just move on briefly to another argument that relates to one of my third issues was the sentencing enhancement in this case My client received an excessive sentencing enhancement for a clinic that he was not involved in It was a clinic called Renew Clinic in Lansing and as I put in my brief my client was not involved in that clinic in any way Acuna Rosa ran the clinic My client did not run the clinic did not hire for the clinic did not work at the clinic He was aware of the clinic He was present when meetings were discussed about organizing the clinic but he was not involved in the clinic and he received an enhancement at the sentencing for basically for the lost that went into that clinic Now the government is going to argue that my client introduced the manager of the clinic was introduced to the doctor that saw patients for the clinic and the government argued that my client was responsible for setting up the meeting between the manager of the clinic and the doctor and I say that that meeting was really just a transcript in this case When the people at the doctor's office talk about how the meeting occurred between the manager and the doctor's office you can read the transcript on page ID 2795 that it was just a coincidental meeting Thank you Thank you very much You're from the government May it please the court My name is Ron Stella I'm an assistant United States attorney in the Western District of Michigan I represent the United States here today I was also the lead trial counsel in the matter below, your honor and I'd like to start with the naturalization fraud count, count 22 and I'd like to get right to the point that Judge Clay made, which is why are we here today with respect to that count and we are here for only one sole purpose, and that is the sufficiency of the evidence at trial to support that conviction on that count There's nothing else raised, and for the reasons that Judge Givens just pointed out Maslennik, I will address in a minute, but it was not before the court at the time of the briefing and we would submit that it's not properly before the court and it's waived If the court would like more on that, we'd ask for a chance to do some supplemental briefing although I will point out in a minute that We ordinarily try to get the law right without regard to what counsel has told us I'm not sure that a citation to a pertinent Supreme Court case is something that we would consider waived. I believe we would consider it our obligation to find out what that applicability of that case might be Well, I absolutely agree with you, Judge I mean, we'd look like idiots if we were citing only things lawyers cited to us And I probably do too for the way I said that, your honor What I mean is I think the jury instruction should have been challenged and Maslennik should have been framed before this court, and as I'm going to point out in a minute we proved a Maslennik sufficient conviction in any event But back to the point, which is what we were here on was a challenge to the sufficiency of the evidence and it was even narrower than that The count framed naturalization fraud based upon two different categories of things. One was an October 2012 accident involving a co-defendant, Mr. Acuna that the appellant just referenced. But it went beyond that and it also said specifically other and for other staged automobile accidents for other alleged patients of Revive Therapy Center So at trial this case was all about the staging of auto accidents, paying people to go out and pretend they had auto accidents come to this physical therapy clinic, sign treatment forms in blank saying they had received treatment when they never got the treatment and then the forms were completed by the therapist working with the other conspirators and sent in nearly a million dollars was paid by these auto insurers There was all kinds of evidence from various so-called patients preceding the naturalization application in 2013 where the evidence was absolutely clear to the jury that the defendant Mr. Martinez was the one who coached them on what to say to the doctor to get the script who also paid them the money to entice them to do it and helped orchestrate the signing of those blank forms So, and I don't want to go into all that because it is in my brief and I particularly cited the four different accidents that occurred. None of those had anything to do with the co-defendant, Mr. Acuna. Mr. Acuna was a separate accident and we contend that the evidence on that count also suggests Mr. Martinez knew about that. Mr. Acuna was a friend of his. That was in the record. They were friends from Cuba. He comes up and arranges an accident with a The specific point that your adversary raised was the sufficiency of the immigration service representative to establish materiality And I can turn to that your honor. The person who testified at trial was Officer Dawkins. Officer Dawkins was actually the individual who went over the naturalization application with Mr. Martinez so that the application was filled out He put him under oath. He went through all the questions with him. He testified at trial that he specifically asked him about question number 15 which is the basis for the charge Are you aware of any crimes or offenses that you've committed for which you have not been arrested and he knows his answer to that was no. He confirmed that with him because he saw it in writing and he knows that he went over it. That was his practice He went further to say that question is material and that does affect the naturalization process and he was specifically asked if you knew he was committing insurance fraud would that have affected your naturalization decision and he said yes it would have and that's why I made the point early on that I think even under Maslennik and the clarification by the Supreme Court this conviction still stands. The other thing I would point out to the court and it's important to understand is that at the time of trial we specifically told the court that we wanted materiality to be instructed because we weren't sure what was going to happen on appeal with the Supreme Court and because of that the instruction was given that specifically included that requirement of materiality My jury instructions, and I didn't put this in my brief, but my jury instructions in the trial court are ECF 237 and at page 969 is the specific instruction where I footnoted and told the court that Maslennik was on Under any scenario here I think that count 22 was properly instructed and that the jury had more than sufficient evidence to convict and the last point I'll make before I turn to the other issues unless there are any questions is that there was no rule 29 motion made below either so this is probably the most one of the most difficult standards for an appellant in that the appellant would have to show a manifest miscarriage of injustice here meaning that the record is devoid of any evidence and clearly it is not With respect to the sentencing enhancement the issue that is framed for today is whether 16 levels should have been given for more than 1.5 million dollars or whether the lower 14 level enhancement should have been given and as counsel alluded to that turned upon whether his client was involved in a clinic called Renew Therapy. There's lots of names in this case so I just want to quickly remind the court that there was Revive Therapy which began and Mr. Martinez never contested or doesn't contest on appeal that he was involved in that clinic. The next one was Renew and then the last one was H&H. The loss figure was derived from all the money associated with all three clinics and counsel and Mr. Martinez are arguing he wasn't involved in Renew because he didn't manage that clinic he didn't bill from that clinic etc. and that is true but he did two very specific things one is he introduced Mr. Acuna, his friend who ran that clinic on a day to day basis. He introduced him to the physician in Grand Rapids Michigan who they were duping into signing these scripts for physical therapy and without a therapy script no auto insurer is going to pay for the bills. So that was a very significant fact. The second thing he did is that a government confidential informant was brought into this ring as solicited as a patient and paid and Mr. Martinez was present when that person was taken to the doctor and told a lie about her symptoms and was also there when the blank forms were signed in a parking lot with that confidential informant and Mr. Acuna. So not only did he introduce him to the doctor one of the first customers of that clinic was a confidential informant and he participated at two very important steps taking her to the doctor and getting forms signed. And so for those reasons we believe that the court properly found that Renu therapy was within the scope of the conspiratorial agreement for defendant Martinez and that he should be responsible under 1B1.3 for that loss. The co-conspirator statement, the last issue on appeal was not addressed at all by the appellant. I'll just quickly say that I think it was very clear that the trial court judge made the appropriate end right finding at the end of the case to find that the statements that the defendant complains of were part of the conspiracy and that they were admissible at trial and there was no mention in the briefs about Crawford but the court has consistently said that properly admitted hearsay or properly admitted statements from co-conspirators and further of the conspiracy are not hearsay and do not violate Crawford and for those reasons we believe that the court sustained that evidentiary ruling as well. That's all I have. Thank you very much. Any rebuttal? No, your honor. Alright. Mr. Upshaw, I see that you were appointed pursuant to the Criminal Justice Act and I know you do that as a service to the court and our system of justice so we certainly want to thank you for accepting that assignment. The case is submitted. Before proceeding with the remainder of the calendar, the court will take a very short break.